JOHN F. BARBER *v.* GEORGE RICHARDSON, JR.

*Tenants in Common. Replevin. Lien. Innocent Purchaser. Fraud in Law. Practice.*

1. A and B were tenants in common of a horse kept by B on A's farm. A sold his half to B, and took a lien on the whole horse as security, which lien was seasonably recorded. B subsequently sold the horse to H, who purchased without notice; and H sold to the defendant, who purchased with notice of A's lien; *Held*, that any notice, which the defendant had, did not affect his rights, as he derived his title from a *bona fide* purchaser; and that A could not sustain replevin, as he and the defendant were tenants in common.
2. It was incumbent on the plaintiff to show that H had notice; and if there was any evidence tending to show notice,—the court held there was none,—it should have been submitted to the jury.

REPLEVIN for a horse. Plea, general issue. Trial by jury, June Term, 1884, VEAZEY, J., presiding. Judgment ordered for the defendant. The exceptions stated that the horse was kept and used by Nichols in his work and for driving purposes, and kept by him in the barns and upon the farm of the plaintiff. The plaintiff, whose testimony was not controverted, testified that the defendant told him, on the day he got the horse, that he had heard that he, plaintiff, had a lien on the horse.

*J. K. Batchelder*, for the plaintiff.

The plaintiff was the general owner, and Nichols, a conditional vendee. As between the parties it was a valid transaction. The lien was good against a vendee of Nichols. No one could be misled. The recorded lien was notice to Hurd. R. L. s. 1992. The defendant was not a *bona fide* purchaser, as he had actual notice of plaintiff's claim. It

was for the defendant to show that Hurd was a *bona fide* purchaser. *Sanford* v. *Morton*, 14 Vt. 228; *Roth* v. *Colvin*, 32 Vt. 228; *Gould* v. *Stevens*, 43 Vt. 125.

*Burton & Munson* and *J. C. Baker*, for the defendant.

The transaction as to the lien was a fraud in law. *Mott* v. *McNiel*, 1 Aik. 162; *Weeks* v. *Weed*, 2 Aik. 168; *Daniels* v. *Nelson*, 41 Vt. 161; *Kendall* v. *Lamson*, 12 Vt. 515. Hurd obtained a good title to the half that Nichols owned. *Wright* v. *Vaughan*, 45 Vt. 369; *Martin* v. *Eames*, 26 Vt. 476; *Burnell* v. *Marvin*, 44 Vt. 277; *Blodgett* v. *Blodgett*, 48 Vt. 32; *Houston* v. *Howard*, 39 Vt. 54; *Russell* v. *Filmore*, 15 Vt. 130. Replevin will not lie in favor of one joint owner against another. Jones Chat. Mort. s. 46; Wells Rep. s. 152; 12 Wend. 131; 12 Conn. 331; 32 Me. 322; *Russell* v. *Allen*, 13 N. Y. 173; *Barnes* v. *Bartlett*, 15 Pick. 71.

The opinion of the court was delivered by

TAFT, J. Barber, the plaintiff, and one Nichols owned a horse as tenants in common. Barber sold his interest to Nichols by conditional sale, reserving the title, which was evidenced by writing, and seasonably recorded. It is now in force, the debt unpaid, so that Barber is still the owner of an undivided half of the horse. The lien reserved covered in terms the whole horse. It was in effect as to the half originally owned by Nichols a bill of sale of such half as security. Nichols retained the horse in his possession, and afterwards sold it to Reuben Hurd, and Hurd sold it to the defendant, from whom it was taken on the writ of replevin in this case. The horse having been left by the plaintiff in Nichols' possession, was sold by the latter to Reuben Hurd; and the half originally owned by Nichols could be held by Hurd in case he was a *bona fide* purchaser.

Hurd having bought the horse of Nichols, obtained a good title to Nichols' undivided half, unless he had notice of the prior bill of sale to the plaintiff; and to defeat that title it

was incumbent upon the plaintiff to show that Hurd had such notice; and if there was any evidence in the case tending to show that Hurd did have such notice, the plaintiff had the right to have the question submitted to the jury. From an examination of the evidence we are satisfied that there was no testimony tending to show notice. Only two questions of the plaintiff's examination relate to the subject, viz.:

"Q. 34. Do you know whether Mr. Hurd knew that you had a claim on the horse?

"A. I don't any more than what he told me.

"Q. 35. What did he tell you?

"A. He said he didn't know that there was a claim on the horse."

Hurd, therefore, could stand upon his rights acquired by his purchase from Nichols; and the defendant having purchased from Hurd was not affected by any notice he himself may have had. A purchaser *with* notice may protect himself by showing that he derived title from a *bona fide* purchaser, or, one *without* notice.

The parties, therefore, are tenants in common of the horse, and as the plaintiff cannot maintain replevin against his co-tenant, the judgment is affirmed.